## UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF CONNECTICUT

ETHAN BOOK, JR,

                Plaintiff,

  v.

ROBERT MENDOZA and CLINT
INDEPENDENT SCHOOL DISTRICT.

           Defendants.

3:07-cv-1468 (CSH)

**MEMORANDUM AND ORDER**

HAIGHT, Senior District Judge:

I.    **Background**

      This action arises out of the relocation to El Paso, Texas, of plaintiff's putative ex-wife, Daisy Sanchez, and her two children from a previous relationship.

      Plaintiff and Sanchez wed in Connecticut on March 26, 2005, after which Sanchez and her children began living with plaintiff at his residence in Fairfield.  After approximately one year of marriage to plaintiff, on April 4, 2006, Sanchez filed an action for dissolution of marriage with the Superior Court of Connecticut.  Filing of the action triggered the issuance of automatic court orders, a standard set of orders that, absent further court order, "remain in place during the pendency of the action" and expire upon completion of the marital dissolution.  One of the orders stated that "[n]either party shall permanently remove the minor child or children from the state of Connecticut, without written consent of the other or order of the court."

      On December 13, 2006, following trial on the action, the Superior Court issued a judgment of dissolution.  Around July 30, 2007, plaintiff learned that Sanchez had sold her residence in Bridgeport, Connecticut, and had moved with her children to El Paso, Texas.

Plaintiff thereafter contacted officials of the El Paso Independent School District and of the Clint Independent School District, both of which operate in El Paso, to obtain information regarding the enrollment of Sanchez's children.  Among the officials plaintiff spoke with in the Clint Independent School District were District employee Sandy Grijalva, Interim Superintendent Robert Mendoza, and Assistant Superintendent Morris Alderidge. Each of the above-named officials refused to confirm or deny the enrollment of Sanchez's children within their school district, with Mendoza explaining to plaintiff that he did so on the basis that plaintiff was a "third party" and not a "parent" of Sanchez's children.  The officials apparently also refused plaintiff's demand "that the District take immediate steps to deny school accommodations to the subject minor children."  Mendoza did, however, comply with plaintiff's request for a copy of the standard registration form used for enrolling a student in the school district.

Plaintiff believes that the officials' responses to his inquiries and request were in error. Although the children at issue in this case are not plaintiff's biological children, but Sanchez's children from a previous relationship, plaintiff views himself as having rights in the children as stepfather and due to the aforementioned order of the Superior Court that "[n]either party shall permanently remove the minor child or children from the state of Connecticut, without written consent of the other or order of the court."  Plaintiff views the order as a custody determination of sorts.  Although, by the terms of the automatic court orders, this order expired upon completion of the marital dissolution, plaintiff considers it still in effect due to the alleged invalidity and lack of finality of the judgment of dissolution.

Plaintiff claims that the judgment of dissolution is invalid because the divorce trial took place before expiration of a statutory waiting period for such a trial.  He claims the judgment is not final

because he timely filed a motion to vacate the judgment, which has yet to be ruled on.  In support of plaintiff's latter contention, he cites Sections 61-11 and 63-1(b) of the Connecticut Practice Book. Section 61-11(a) states that "[e]xcept where otherwise provided by statute or law, proceedings to enforce or carry out the judgment or order shall be automatically stayed until the time to take an appeal has passed."  Under § 63-1(b), the timely filing of a motion that, if granted, would render a judgment ineffective creates a new appeal period which begins "on the day that notice of the ruling is given on the last such outstanding motion."  Because the Superior Court of Connecticut has yet to rule on his motion to vacate, plaintiff theorizes, the appeal period is still open and that court's judgment of dissolution is not final.

In his Amended Complaint, plaintiff assigns four causes of action against defendants Clint Independent School District and Interim Superintendent Mendoza.  In counts one through three, plaintiff claims that the actions of the three above-named officials of the Clint Independent School District constituted "negligence, due process constitutional violations and systemic bias."  In count four, plaintiff claims that the standard enrollment form used by the Clint Independent School District is "negligently incomplete" in part for failing to require that the applicant affirm (1) that he or she has appropriate legal authority to make the requested enrollment, (2) that a local residence address is permanent, and (3) that the information provided is complete and correct.  Plaintiff asserts that the enrollment form as it now stands "*constitutes a due process/constitutional error and is a perpetuation of systemic bias.*" (Emphasis in original.)

Plaintiff demands the following relief:

1.    That the Court order defendants to provide plaintiff "all the requested information regarding the enrollments of the subject children,"

2.      That the Court order defendants to "immediately take effective steps to enforce the Automatic Court Orders,"

3.      That the Court enter "an emergency injunction" requiring that defendant Clint Independent School District "immediately take action to deny the subject students' school accommodations,"

4.      That the Court enter "a declaratory judgment affirming that the standard District enrollment form is substantially and unconstitutionally defective," and

5.      That the Court require defendants to pay plaintiff $10,000,000 in compensatory and punitive damages.

## II.      Motion to Dismiss

Currently pending before the Court is defendants' motion to dismiss plaintiff's Amended Complaint.  Defendants move to dismiss the complaint on the following bases: (1) that the Court lacks personal jurisdiction over defendants, (2) that the venue is improper, and (3) that defendant fails to state a claim under which relief may be granted.[1]

In deciding whether the Court has personal jurisdiction over the defendants, I must engage in a two-part analysis.  First, I must determine whether, under the laws of the forum state (here Connecticut), there is jurisdiction over defendants.  Second, I must determine whether an exercise of jurisdiction under these laws is consistent with federal due process requirements.  *See Grand River Enters. Six Nations, Ltd. V. Pryor*, 425 F.3d 158, 165 (2d Cir. 2005) (quoting *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 784 (2d Cir. 1999).  "In opposing a motion for to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing that the court has jurisdiction over the defendant.  Where a court [has chosen] not to conduct a full-blown

---

[1]While defendants do not challenge subject matter jurisdiction, the Court has considered the question *sua sponte* and concludes that the allegations against defendant Mendoza, viewing this *pro se* complaint with the requisite lenity, are sufficient to state a claim under 42 U.S.C. § 1983.

-4-

evidentiary hearing on the motion, the plaintiff need make only a prima facie showing of jurisdiction through its own affidavits and supporting materials." *Id.* (Internal quotation marks omitted) (alteration in original).

Because defendants are located in El Paso, Texas, to determining whether this Court has personal jurisdiction over them I must look to Connecticut's long-arm statutes. Connecticut General Statutes § 52-59b(a) governs the exercise of jurisdiction over nonresident individuals, foreign partnerships, and foreign voluntary associations. Under that statute, personal jurisdiction exists over an individual defendant who, in person or through an agent

> (1) Transacts any business within the state; (2) commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; (3) commits a tortious act outside the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if such person or agent (A) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (B) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; (4) owns, uses or possesses any real property situated within the state; or (5) uses a computer, as defined in subdivision (1) of subsection (a) of section 53-451, or a computer network, as defined in subdivision (3) of subsection (a) of said section, located within the state.

Conn. Gen. Stat. § 52-59b(a). Connecticut General States § 33-929(f), which governs the exercise of jurisdiction over foreign corporations, provides for suit by a resident of Connecticut against a foreign corporation for any cause of action arising in one of the following ways:

> (1) Out of any contract made in this state or to be performed in this state; (2) out of any business solicited in this state by mail or otherwise if the corporation has repeatedly so solicited business, whether the orders or offers relating thereto were accepted within or without the state; (3) out of the production, manufacture or distribution of goods by such corporation with the reasonable expectation that such goods are to be used or consumed in this state and are so used or consumed, regardless of how or where the goods were produced, manufactured, marketed or sold or whether or not through the medium of independent contractors or dealers; or (4) out of tortious conduct in this state, whether arising out of repeated activity or single acts, and whether arising out of misfeasance or nonfeasance.

In plaintiff's opposition to defendants' motion to dismiss, he asserts that the Court has personal jurisdiction over defendants pursuant to § 52-59b(a)(3).  However, plaintiff there alleges no facts in support of the contention.  Even assuming that facts alleged elsewhere in the pleadings and affidavits satisfy the requirement of § 52-59b(a)(3) that defendants committed tortious acts outside the state causing injury to plaintiff within the state, plaintiff alleges no facts in satisfaction of § 52-59b(a)(3)(A) or (B).  That is, plaintiff nowhere alleges that defendants, an independent school district in Texas and the Interim Superintendent thereof, regularly do or solicit business in Connecticut, engage in any other persistent course of conduct in this state, or derive substantial revenue from goods used or consumed or services rendered here, as required under § 52-59b(a)(3)(A). Nor does plaintiff allege that defendants expected or should reasonably have expected their acts to have consequences in Connecticut and that they derive substantial revenue from interstate or international commerce, both of which are required under § 52-59b(a)(3)(B). Consequently, plaintiff has failed to show that this statute confers personal jurisdiction over defendants.

Although plaintiff argues for jurisdiction over defendants solely on the basis of  Connecticut General Statutes § 52-59b(a), in many states school districts are considered public corporations such that § 33-929(f) may be the statute applicable to defendant Clint Independent School District. However, because plaintiff does not allege any facts supporting personal jurisdiction under § 33-929(f), plaintiff has also failed to show that this statute confers personal jurisdiction over defendants.

Because plaintiff has not shown that the Connecticut long-arm statutes confer personal jurisdiction over any of the defendants in this case, the Court need not address the question of whether the exercise of personal jurisdiction over defendants pursuant to one of those statutes would

have comported with due process.  *See Greiner v. Simkovic*, 2008 U.S. Dist LEXIS 28582, \*3-\*6 (D. Conn. May 9, 2008).  Nor need the Court address the other bases for dismissal that defendants assert.

Plaintiff's concern for these children does him credit.  However, the Court can grant relief only with respect to individuals or entities over whom the Court exercises personal jurisdiction under governing law.  Because plaintiff has failed to make a prima facie showing of personal jurisdiction over defendants, their motion to dismiss is hereby granted.

The Clerk is directed to dismiss the complaint and close the case.  Because the dismissal is on jurisdictional grounds, it is without prejudice.

It is SO ORDERED.

Dated: New Haven, Connecticut
        February 5, 2009

                                        _____/s/ Charles S. Haight, Jr._____
                                        SENIOR UNITED STATES DISTRICT JUDGE